UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN KENNETH BEARD,

Plaintiff,

v.

CHATGPT, et al.,

Defendants.
_______________________________________/

Case No. 2:26-cv-12154

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

In June 2026, Plaintiff Warren Beard filed a complaint against Defendants "ChatGPT," Sam Altman, and Elon Musk, alleging that Defendants misappropriated his trade secrets when ChatGPT was created and released to the public. *See generally* ECF No. 1. He also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. Beard's application to proceed IFP supports his claim of poverty, so it will be granted.[1] However, as explained below, his complaint will be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

---

[1] Beard's IFP application is unsigned. *See* ECF No. 2 at PageID.10. However, given that his complaint fails to state a claim upon which relief can be granted, requiring Beard to file a signed IFP application would have no effect other than delay. Therefore, the Court accepts Beard's unsigned IFP application.

## I. BACKGROUND

Beard's complaint alleges that he has made "significant contributions . . . to the science of artificial intelligence" ("AI"). ECF No. 1 at PageID.2. He "routinely . . . solicited Elon Musk" as a "potential investor[]," and "regularly comment[ed] on the development and announced breakthroughs and breakdowns of [AI] technology." *Id.* at PageID.2–3. Beard "freely discussed" the "general parameters of [his] design" via email and tweet. *Id.* at PageID.3. He now alleges that Defendants "borrowed from [his] extensive excursus on AI" in developing ChatGPT. *Id.* Based on that allegation, Beard brings three claims: (1) violation of the Defend Trade Secrets Act ("DTSA"), Pub. L. 114-153, 130 Stat. 376; (2) violation of Michigan's Uniform Trade Secret Act ("MUTSA"), MICH. COMP. LAWS § 445.1901 *et seq.*; and (3) violation of § 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45. *Id.* at PageID.4.

## II. LEGAL STANDARD

Because Beard proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(e)(2). These standards require district courts to dismiss any claim that "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B). *See also Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). Specifically, this Court must dismiss any claim that is

"(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Beard also proceeds *pro se*, so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Beard's *pro se* status does not exempt him from meeting basic pleading requirements and compliance with the Civil Rules. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017). His complaint must still set forth "a short and plain statement of the claim showing that [he] is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of his claims and the grounds on which they rest, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the Civil Rule 12(b)(6) standard applies to dismissals under § 1915(e)(2)(B)(ii) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

## III. ANALYSIS

### A. Trade Secret Claims

"[T]he elements of a misappropriation claim under MUTSA and the DTSA are largely identical." *FCA US LLC v. Bullock*, 446 F. Supp. 3d 201, 212 (E.D. Mich. 2020). For both claims, Beard must establish the existence of a trade secret that was misappropriated. *Id.* MUTSA defines a "trade secret" as "information" that (1) "[d]erives independent economic value . . . from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value form tis disclosure or use," and (2) "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." MICH. COMP. LAWS § 445.1902(d). Information that is publicly available cannot constitute a trade secret. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984); *see also Kubik, Inc. v. Hul*, 224 N.W.2d 80, 87 (Mich. Ct. App. 1974) ("To be a trade secret, the information must, of necessity, be a secret."). But "[i]f an individual . . . publicly discloses the secret, his property right is extinguished." *Ruckelshaus*, 467 U.S. at 1002.

As Beard admits in his complaint, he "freely discussed . . . [his] design" online. ECF No. 1 at PageID.3. Thus, even assuming his design carries sufficient economic value to be considered a trade secret, this public disclosure means it is not a trade secret. *See Wysong Corp. v. M.I. Indus.*, 412 F. Supp. 2d 612, 627 (E.D.

Mich. 2005) (finding that plaintiff published his "concept," making it "publicly available" and destroying any trade-secret claim); *see also FCA US LLC*, 446 F. Supp. 3d at 212–13 (finding that documents filed on public court dockets were not "kept confidential," so "they may not be considered trade secrets"). Therefore, Beard has failed to state a claim under MUTSA and the DTSA. *See, e.g.*, *FCA US LLC*, 446 F. Supp. 3d at 212–13 (dismissing MUTSA and DTSA claims based on public disclosure).

**B. Section 5 of the FTC Act**

Beard also alleges a claim under § 5 of the FTC Act, which "outlaws unfair and deceptive acts and practices in and affecting commerce." *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000); *see also* 15 U.S.C. § 45. However, "a private right of action does not exist under § 5 of the [FTC Act]." *Morales*, 162 F. Supp. 2d at 790 (collecting cases). Accordingly, Beard also fails to state a claim here. *See id.*

For these reasons, Beard has not brought any claims upon which relief can be granted, so they will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

**IV. CONCLUSION**

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED, thereby DISMISSING THE CASE**; and

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal would not be taken in good faith, *see* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 23, 2026